# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ALPHONSO MOBLEY, JR.,**

    Plaintiff,

    v.

**CITY OF COLUMBUS,** *et al.*,

    Defendants.

Case No. 2:20-cv-1176
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Alphonso Mobley, Jr., an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendants, the City of Columbus and Matthew Staker, a fire investigator with the Columbus Division of Fire, alleging that he was "subject to a false arrest" in violation of his Fourth Amendment rights. (*See* Pl.'s Compl. 6, ECF No. 1-2 at PAGEID # 19.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motions for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that has only $61.05 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number A734888) at Northeast Ohio Correctional Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

had been prepaid.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also*

---

[1]Formerly 28 U.S.C. § 1915(d).

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen.*

4

*Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

According to the Complaint, on April 6, 2016, Defendant Staker, a fire investigator with the Columbus Division of Fire, submitted to the clerk or deputy clerk of the Franklin County Municipal Court a sworn complaint and affidavit alleging facts supporting a charge that Plaintiff violated Ohio Revised Code § 2923.17. Upon review of Defendant Staker's submissions, Franklin County Municipal Court Deputy signed the complaint and arrest warrant. As a result, Plaintiff was arrested. On April 15, 2016, Plaintiff was indicted on six counts, including one count of illegally manufacturing or possessing explosives in violation of Ohio Revised Code § 2923.17. Plaintiff thereafter plead guilty to aggravated arson and criminal use of an explosive device and was sentenced to serve fourteen years with five years of mandatory post-release control.

In the instant action, Plaintiff complains that he was falsely arrested in April 2016 in violation of his Fourth Amendment rights. Plaintiff's theory of why probable cause for his arrest was lacking is difficult to follow. Plaintiff cites various state statutes and provisions of the Columbus City Code to conclude that he was arrested "by sham legal process" because Defendant Staker was a private citizen rather than a peace officer. (*See* Pl.'s Compl. 7, ECF No. 1-2 at PAGEID # 20.) Although Plaintiff's Complaint lacks clarity, it appears that Plaintiff may also be asserting that probable cause was lacking because the Franklin County Municipal Court Deputy who executed the at-issue complaint and arrest warrant was not "a neutral and detached magistrate capable of determining probable cause" or an appropriate "reviewing official." (*See id*. at

PAGEID ## 19, 21, 22.)

### III.

"In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (*quoting Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (alteration in original)). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for 42 U.S.C. § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).

However, under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), "a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever." *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (quoting *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (internal quotation marks omitted)). In *Heck v. Humphrey*, the United States Supreme Court held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

As discussed above, Plaintiff's theory of why probable cause for his arrest was lacking is difficult to follow such that the undersigned is unable to determine with certainty whether his

6

claim is *Heck*-barred or time barred. What is clear, however, is that either way, he may not proceed on such a claim at this juncture.

To the extent that judgment in Plaintiff's favor on his Fourth Amendment claim in this action would necessarily imply the invalidity of his state-court conviction and sentence, his claim must be dismissed *without* prejudice as "*Heck*-barred." *See e.g., Hancock v. Word,* 27 F. App'x 256, 257 (6th Cir. 2001) (applying Heck to false arrest claim); *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) ("The fact that a Fourth Amendment violation may not necessarily cause an illegal conviction does not lessen the requirement that a plaintiff show that a conviction was invalid as an element of constitutional injury."). Put another way, *Heck*, precludes Plaintiff from proceeding with a Fourth Amendment claim if the success of that claim that would imply the invalidity of his state-court conviction or sentence unless and until Plaintiff can "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *See Heck*, 512 U.S. at 486–87. Thus, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** as *Heck*-barred to the extent Plaintiff is advancing a Fourth Amendment claim, the success of which would necessarily imply the invalidity of his state-court conviction and sentence.

To the extent, however, that Plaintiff's Fourth Amendment claim is not *Heck*-barred, his claim, which accrued more than two years prior to the filing of this action, must be dismissed as untimely. Plaintiff filed the instant action on March 3, 2020. Thus, claims accruing prior to March 3, 2020, would generally be time-barred. The injury that is the basis for this action—namely, Plaintiff's arrest and subsequent imprisonment—occurred in April 2016. Thus,

7

to the extent Plaintiff's claim is not *Heck*-barred, it is time barred. It is therefore **RECOMMENDED** that to the extent Plaintiff's claim is not *Heck*-barred, this action be **DISMISSED** as time barred pursuant to § 1915(e)(2).

**IV.**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. (ECF No. 1.) In addition, for the reasons set forth above, it is **RECOMMENDED** that to the extent the success of Plaintiff's Fourth Amendment claim would imply the invalidity of his state-court conviction or sentence, that claim be **DISMISSED** as *Heck*-barred **WITHOUT PREJUDICE** to refiling should Plaintiff "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254," *Heck*, 512 U.S. at 486–87. Finally, to the extent Plaintiff's Fourth Amendment claim is not *Heck*-barred, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to § 1915(e)(2).

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may

recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

     /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE