# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ALPHONSO MOBLEY, JR.,**

      **Plaintiff,**

vs.                                                              **Case No.: 2:20-cv-1176**
                                                                  **Chief Judge Algenon L. Marbley**
                                                                  **Magistrate Judge Vascura**

**CITY OF COLUMBUS,** *et al.***,**

      **Defendants.**

## **ORDER**

On March 30, 2020, the United States Magistrate Judge issued an *Order and Report and Recommendation* recommending that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be granted and that this case be dismissed pursuant to 28 U.S.C. §1915(e)(2) and 1915A.  (ECF No. 4, *Order and Report and Recommendation*).  The parties were advised of their right to object to the *Order and Report and Recommendation.*  This matter is now before the Court on Plaintiff's Objections to the *Order and Report and Recommendation*.  (ECF No. 5).  Plaintiff has also filed a Motion for Judicial Notice (ECF No. 6) and Defendants have filed a Motion to Dismiss (ECF No. 7).  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In his objections, Plaintiff generally argues that the Magistrate Judge did not consider all the facts pled.  He disputes the Magistrate Judge's application of *Heck*.  And, he continues to argue he was deprived his Fourth Amendment rights.

The Court has carefully considered Plaintiff's objections and finds that the Magistrate Judge correctly concluded that Plaintiff's claims in this case are time barred and barred by *Heck v.Humphrey*, 512 U.S. 477, 487 (1994).  In assessing a claim under 42 U.S.C. § 1983, a court

"must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Here, *Heck*, precludes Plaintiff from proceeding with a Fourth Amendment claim as the success of that claim that would imply the invalidity of his state-court conviction or sentence. Further, Plaintiff filed this action on March 3, 2020, and the alleged injury that is the basis for this action occurred in April 2016. The applicable statute of limitations for a claim brought pursuant to 42 U.S.C. § 1983 is two years. Therefore, Plaintiff's claims are time barred.

For the reasons stated above and as set forth in detail in the *Order and Report and Recommendation*, this Court finds that Plaintiff's objections are without merit and are hereby **OVERRULED**. The Magistrate Judge's *Order and Report and Recommendation,* Document 4, is **ADOPTED** and **AFFIRMED.** Plaintiff's Complaint is hereby **DISMISSED**. Plaintiff's Motion for Judicial Notice (ECF No. 6) and Defendants' Motion to Dismiss (ECF No. 7) are **DENIED AS MOOT**.

The Clerk shall remove Documents 4, 6, and 7 from the Court's pending motions list. The Clerk shall terminate this case.

**IT IS SO ORDERED**.

                                            **ALGENON L. CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

**DATED:  May 12, 2020**