# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ALPHONSO MOBLEY, JR.,**

        **Plaintiff,**                Civil Action 2:20-cv-1176
                                              Chief Judge Algenon L. Marbley
    v.                                     Magistrate Judge Chelsey M. Vascura

**CITY OF COLUMBUS,** *et al.***,**

    **Defendants.**

## ORDER

Plaintiff, Alphonso Mobley, Jr., an inmate who is proceeding without the assistance of counsel, has filed a Notice of Appeal. (ECF No. 14.) Plaintiff has also filed a motion for leave to proceed *in forma pauperis*, on appeal. (ECF No. 18.)

Federal Rule of Appellate Procedure 24(a)(3) provides in relevant part as follows:

A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization unless:

    (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding; or

    (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

Pursuant to 28 U.S.C. § 1915(a)(2), "[a] prisoner seeking to . . . appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Moreover, consistent with Federal Rule of Appellate Procedure 24(a)(3)(A), § 1915(a)(3) provides that

"[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Although the Court finds that Plaintiff is entitled to proceed *in forma pauperis* from a financial status, the Court denies his motion for leave to appeal *in forma pauperis* because any appeal of this action would not be taken in good faith. The Court reaches this determination because Plaintiff's Complaint failed to state a claim upon which relief could be granted.

Plaintiff filed his Complaint on March 3, 2020. (ECF No. 1.) Therein, Plaintiff alleged that Defendants violated his Fourth Amendment rights by subjecting him to false arrest. (*See id*. at PAGEID # 19–21.) In particular, Plaintiff appeared to assert that his April 2016 arrest, and the underlying arrest warrant, were not supported by probable cause. (*Id*.) Following the arrest in question, Plaintiff was indicted on six counts. Plaintiff thereafter plead guilty to aggravated arson and criminal use of an explosive device and was sentenced to serve fourteen years with five years of mandatory post-release control.

On March 30, 2020, the Magistrate Judge issued a Report and Recommendation finding that Plaintiff failed to state a claim upon which relief could be granted, and recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 4.) The Magistrate Judge explained that Plaintiff's claims were likely barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which precludes a § 1983 claim that, if successful, would necessarily imply the invalidity of a state-court conviction and sentence that had not been reversed or expunged. (*See id*. at 6–7.) The Magistrate Judge further explained that, to the extent Plaintiff's claims were not *Heck*-barred, they were time-barred by Ohio's two-year statute of limitations. (*See id*. at 7–8.)

On April 8, 2020, Plaintiff objected to the Report and Recommendation, disputing the

2

Magistrate Judge's application of *Heck*. (ECF No. 5.) On May 12, 2020, the Court overruled Plaintiff's objections and adopted the Magistrate Judge's recommendation. (ECF No. 12.)

For the foregoing reasons, the Court **CERTIFIES**, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), that any appeal of this action would *not* be taken in good faith, and **DENIES** his Motion for Leave to Appeal *in Forma Pauperis* (ECF No. 18).

Plaintiff has further moved for certification under Federal Rule of Civil Procedure 54(b). (ECF No. 16.) In this motion, Plaintiff contends that the Magistrate Judge's Report and Recommendation, as well as the undersigned's Order adopting the Report and Recommendation, address only one of the three claims asserted in Plaintiff's Complaint. (*Id.*) Plaintiff therefore seeks an order certifying that there is no just reason for delay in the entry of final judgment on that single claim so that he may pursue his appeal. (*Id.*) However, Plaintiff misconstrues the Court's rulings. Both the Magistrate Judge's Report and Recommendation (ECF No. 4) and the Order adopting the Report and Recommendation (ECF No. 12) considered all of Plaintiff's claims and determined they were all either time-barred or barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Final judgment was entered by the Clerk accordingly. (ECF No. 13.) Therefore, Plaintiff's Motion for Certification under Rule 54(b) is moot.

Finally, Plaintiff further moves under Federal Rule of Civil Procedure 59(e) to amend the Order adopting the Magistrate Judge's Report and Recommendation. (ECF No. 17.) A motion to alter or amend judgment may be filed under Rule 59(e) within 28 days of the entry of judgment where there exists "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *CitiMortgage, Inc.*, No. 2:13-cv-00680, 2015 WL 1000444, at *2 (quoting *Intern Corp. v.*

3

*Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475. Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016). Further, it is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected. *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)). "When the 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'" *Id.* (citing *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

     Here, Plaintiff's arguments in favor of amending the judgment reflect merely a disagreement with the outcome, based on arguments that he made or could have made earlier in the case, and do not identify a clear error of law, newly-discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. His "proper recourse" is

4

therefore an "appeal to the Sixth Circuit" rather than a motion under Rule 59(e). *Lloyd*, 2018 WL 2985098, at *1.

For the foregoing reasons, the Court **CERTIFIES**, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), that any appeal of this action would *not* be taken in good faith and Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* (ECF No. 18) is **DENIED**. Further, Plaintiff's Motion for Certification under Rule 54(b) (ECF No. 16) is **DENIED AS MOOT,** and Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) (ECF No. 17) is **DENIED**. The Clerk is **DIRECTED** to transmit a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 8, 2020**

5